

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,673-01

**EX PARTE JOSE ROBERTO VELIZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 13285-A IN THE 63RD DISTRICT COURT
## FROM VAL VERDE COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault with family violence and sentenced to seven years' imprisonment.

Applicant contends that he was deprived his right to a meaningful and adequate appeal. We remanded this application to the trial court for findings of fact and conclusions of law. The trial court conducted a habeas hearing and heard testimony. The supplemental record reflects that after Applicant's conviction, he advised trial counsel and the trial court that he wanted to pursue a direct appeal. Trial counsel filed notice of appeal on Applicant's behalf, in order to preserve his right to

appeal. However, because trial counsel had never prosecuted an appeal, he filed a motion to withdraw from the representation and appoint a new attorney to represent Applicant on appeal. The trial court denied the motion and ordered trial counsel to continue to represent Applicant on appeal.

On the same day the trial court denied trial counsel's motion to withdraw from the representation, Applicant signed a hand-written statement indicating that he no longer wanted to pursue the appeal, and signed a motion to dismiss the appeal. The court of appeals subsequently dismissed Applicant's direct appeal and issued an appellate mandate. Applicant later attempted unsuccessfully to reinstate his appeal.

After remand, the trial court finds that it erred in denying trial counsel's motion to withdraw from the representation, because trial counsel was not qualified under the Val Verde District Court and County Court Indigent Defense Plan to represent clients on direct appeal. Nevertheless, after the trial court denied his motion to withdraw, trial counsel agreed to represent Applicant on appeal. Applicant would not have been denied his right to appeal entirely had he not requested or agreed to dismiss the appeal. However, because trial counsel indicated on the record that he had never represented a client on direct appeal and did not believe that there were meritorious grounds for appeal in this case, Applicant's understanding that he could only pursue a direct appeal with trial counsel as his attorney arguably rendered his decision to dismiss the appeal less than knowingly and voluntarily made.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 13285-A from the 63rd District Court of Val Verde County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of

this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 9, 2019
Do not publish